# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**London Division**

| | | |
|---|---|---|
| Steve Smith | ) | |
|    *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| Midland Funding, LLC | ) | |
|    *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
|    CSC-Lawyer's Incorporating | ) | |
|      Service Company | ) | |
|    421 W. Main | ) | |
|    Frankfort, KY 40601 | ) | |
| | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant, Midland Funding, LLC ("Midland") has engaged in a long and persistent campaign of debt collection directed at Plaintiff Steve Smith. In response to a recent dispute and request that Midland validate the debt, Midland— through its attorneys Morgan & Pottinger, P.S.C.—sent Mr. Smith a dunning letter on March 19, 2013. The documents attached to the letter reveal that the debt at issue consists of charges to a Fingerhut account, which date back over 12 years ago to 2001. Mr. Smith never had a Fingerhut account or made purchases from Fingerhut. In addition to the ancient Fingerhut statements, Midland also sent Mr. Smith copies of prior dunning letters that all addressed to a "Steve Smith." Many of these letters were sent to addresses where Mr. Smith has never lived. Moreover, Midland's March 19th dunning letter demands payment of $4,802 on a debt with a principal amount of less than $2,000.00. Upon information and belief, Midland's March 19th dunning letter includes interest to which Midland has neither a contractual nor a statutory right to collect. These and other acts violate the FDCPA.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff, Steve Smith, is a natural person who resides in Clay County, Ky. Mr. Smith is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant, Midland Funding, LLC, is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located in San Diego, CA.

6. Midland Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. For a long but indeterminate time, Midland has engaged in a relentless campaign to collect a debt from Mr. Smith, including repeated and incessant telephone calls.

8. Mr. Smith recently sent Midland a debt dispute and validation letter.

9. In response Mr. Smith's letter, Midland— through its attorneys Morgan & Pottinger, P.S.C.—sent Mr. Smith a dunning letter on March 19, 2013. (A copy of the March 19th letter and the documents included with the letter is attached as Exhibit "A").

10. Midland attached several documents to its March 19th letter, including Fingerhut Credit Advantage statements and document titled "Fingerhut Order History" for an account ending in 2665.

11. The Fingerhut documents demonstrate that the Fingerhut account ending in 2665 was used to purchase goods and service used for personal and household purposes.

12. Midland's March 19th dunning letter was an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

13. The Fingerhut documents date back transactions made over 12 years ago or later.

14. Mr. Smith has never had a Fingerhut account or made purchases from Fingerhut.

15. In addition to the Fingerhut documents, Midland also sent Mr. Smith copies of prior dunning letters that are all addressed to a "Steve Smith."

16. Many of these additional dunning letters were mailed to addresses where Mr. Smith has never lived.

17. Midland's March 19th dunning letter demands payment of $4,802.

18. According to the Fingerhut documents, the principal amount due on the underlying debt was less than $2,000.00.

19. Upon information and belief, Midland's March 19th dunning letter includes interest to which Midland has neither a contractual nor a statutory right to collect.

20. The statute of limitations for collection of the Fingerhut debt is five years under KRS 413.120(1).

21. So the statute of limitations is a complete bar and defense to any lawsuit to collect the charged-off Fingerhut debt.

22. At no time did Midland or Morgan & Pottinger ever advise Mr. Smith that the statute of limitations would bar a lawsuit to collect the debt and the Midland would not sue Mr. Smith to collect the debt.

### Claims for Relief: Violation of the Fair Debt Collection Practices Act

23. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to:

(a) Midland violated 15 U.S.C. 1692d(5) by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" by "[c]ausing [Mr. Smith's] telephone to ring or engaging [Mr. Smith] in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass [Mr. Smith] at the called number";

(b) Midland attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to:

(i) attempting to collect unauthorized interest and fees on an alleged debt; and

(ii) attempting to collect interest and/or fees on a debt for a time before Midland purchased the debt.

  (c)  Midland "threat[ened] to take [an] action that . . . not intended to be taken" in violation of 15 U.S.C. § 1692e(5) by, including but not limited to:

    (i)  attempting to collect unauthorized interest and fees on an alleged debt;

    (ii)  attempting to collect interest and/or fees on a debt for a time before Midland purchased the debt; and

    (iii)  attempting to collect a debt from Mr. Smith that he does not owe and is in fact owed by either someone who stole Mr. Smith's identity or owed by a different, unrelated "Steve Smith;" and

  (d)  Midland violated 15 U.S.C. §§ 1692f and 1692e by, including but not limited to:

    (i)  failing to advise Mr. Smith that it was attempting to collect on a debt that would be barred by the statute of limitations and that it would not sue him to collect that debt; and

    (ii)  attempting to collect a debt from Mr. Smith that he does not owe and is in fact owed by either someone who stole Mr. Smith's identity or owed by a different, unrelated "Steve Smith."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Steve Smith, requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs

4. A trial by jury; and

5. Such other relief as may be just and proper.

N

Respectfully Submitted,

_____
**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com